IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 26-cv-00486-CYC

RAVINDER RAVINDER,

    Petitioner,

v.

PAMELA BONDI, in her official capacity as Attorney General of the United States;
KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security;
TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement; and
JUAN BALTAZAR, in his official capacity as Warden of the Denver Contract Detention Facility,

    Respondents.

---

## ORDER

**Cyrus Y. Chung, United States Magistrate Judge.**

Petitioner Ravinder Ravinder, a detainee at the Denver Contract Detention Facility in Aurora, Colorado, petitions for a writ of habeas corpus, contending that the respondents, who control that facility, are improperly subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 1 (the "Petition"). Instead, he says, 8 U.S.C. § 1226(a) governs his detention vel non. Because this is a fundamentally legal debate, there is no need for a hearing on the Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court grants in part the Petition.

## BACKGROUND

This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g., Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL

1

290989 (D. Colo. Feb. 4, 2026); *Jimenez Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025). The petitioner seeks release or, in the alternative, a bond hearing, and legal fees and costs. ECF No. 1 at 26.

The petitioner, a citizen of India, entered the United States on May 2, 2023. ECF No. 1 ¶¶ 19, 53. On May 3, 2023, the United States Department of Homeland Security issued him an Order of Release on Recognizance stating that he was "released on [his] own recognizance" pursuant to 8 U.S.C. § 1226. ECF No. 1-8 at 2. He was also issued a Notice to Appear that indicated that he was "an alien present in the United States who ha[d] not been admitted or paroled." ECF No. 1-9 at 2. In October 2025, when local law enforcement stopped him for a traffic violation, they contacted Immigration and Customs Enforcement officers, who took the petitioner into custody. ECF No. 1 ¶¶ 19, 56. He believed that he was detained pursuant to 8 U.S.C. § 1226 and requested a bond hearing, but his request was denied by Immigration Judge Corrin because she found that she lacked jurisdiction to hear a bond request from the petitioner. ECF No. 1 ¶ 59. The petitioner argues that he is entitled to a bond hearing under 8 U.S.C. § 1226 and that he has no criminal record, and the respondents do not offer any evidence of a criminal history that requires mandatory detention. *See* 8 U.S.C. § 1226(c). Instead, they maintain that he is detained pursuant to 8 U.S.C. § 1225(b). ECF No. 9 at 2.

## ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241.

2

This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

To meet that burden, the petitioner argues that 8 U.S.C. § 1226(a) applies to him, "that aliens detained under § 1226(a) receive bond hearings at the outset of detention," *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see* 8 U.S.C. § 1226(a) (providing for discretionary detention); *see also* 8 C.F.R. § 1003.19 (providing framework for requesting a bond determination), and that his continued detention premised on 8 U.S.C. § 1225(b)(2)(A) violates his due process rights and the Immigration and Nationality Act. ECF No. 1 ¶¶ 1, 6–7, 24–52, 61–80. The Court has previously resolved this legal question in favor of a similarly situated petitioner. *Jimenez Facio*, 2025 WL 3559128, at *1–4. The respondents recognize this, but "respectfully disagree" with that ruling. ECF No. 9 at 2. The Court remains firmly convinced that it and the other judges in the District who have addressed this issue have correctly decided those cases and incorporates its analysis from *Jimenez Facio*. 2025 WL 3559128, at *1–4. To the extent the respondents contend that the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, --- F. 4th ----, 2026 WL 323330, at *5–10 (5th Cir. Feb. 6, 2026), makes a difference, *see* ECF No. 9 at 2–3, Judge Sweeney's thorough rebuttal of that divided decision provides a solid foundation to maintain the consensus that exists in this District. *See Singh v. Baltazar*, --- F. Supp. 3d ----, 2026 WL 352870, at *3–6 (D. Colo. Feb. 9, 2026). Accordingly, the Court finds that the petitioner is detained pursuant to 8 U.S.C. § 1226, and his continued detention without a bond hearing is therefore a violation of due process.

There is a final matter. The petitioner requests attorneys' fees and costs. ECF No. 1 at 26. But D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by

affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the petitioner chooses to file a motion for attorney fees, it must comply with all applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Petition, ECF No. 1, is **GRANTED in part** and **DENIED without prejudice in part**.

It is further ORDERED that

(1) the respondents shall provide the petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven days** of this Order;

(2) the respondents are **ENJOINED** from denying bond to the petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2)(A); and

(3) the respondents shall file a status report within **five days** of the petitioner's bond hearing, stating whether he has been granted bond, and, if his request for bond was denied, the reasons for that denial.

Entered and dated this 25th day of February, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung  
United States Magistrate Judge

4